GRAY *v.* STATE OF INDIANA.

[No. 30,948. Filed December 18, 1967. Rehearing denied February 21, 1968.]

*Robert G. Mann* and *Bolden and Mann,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Michael V. Gooch,* Deputy Attorney General, for appellee.

ARTERBURN, J.—This is a criminal prosecution charging the appellant in two counts with the offense of violating the

1935 Narcotic Act, as amended. Count One was a charge of possession of heroin. Count Two was a charge of sale of heroin.

The appellant contends in this appeal that he was a victim of entrapment. The evidence is very meager and shows by the testimony of the police officers that they gave an informant, Emmett Gray, $10.00 to make the purchase at the appellant's apartment; that before the purchase, Emmett Gray, the informant, was searched by the police officers, who waited outside appellant's home in a car. The officers testified that when the informant went into the apartment, he had no heroin on his person and no other money than the $10.00. Shortly thereafter the informant returned and they testified that he did not have the $10.00 and had two capsules of heroin. Emmett Gray, the informant, simply testified he went to the apartment of the appellant and asked him to make a sale of heroin to him, and this occurred.

There is no evidence in this case of any prior traffic in drugs by the appellant or that the officers had any information that he had possession of heroin or had been selling heroin, nor is there any evidence of any previous conviction of the appellant. He took the stand and on cross-examination, the prosecution elicited no evidence indicating that he was engaged in narcotics traffic.

The trial was before the court, without a jury. Appellant was found guilty of the sale on Count Two and no finding was made on Count One—possession. He was sentenced to prison for a term of not less than five (5) years nor more than twenty (20) years and fined One ($1.00) Dollar and costs.

It is argued in this case that the criminal design originated in the minds of the police, not with the accused; that the idea of the sale was conceived in the minds of the law enforcement officers and the accused was induced or lured into the commission of the illegal sale. It has been said that law enforcement officers should not incite or

create crime for the sole purpose of punishing individuals. It takes two to make a sale and in this case the purchaser, so far as the evidence shows, was as responsible for the illegal transaction as the seller. The case is entirely devoid of evidence showing that this idea of a sale originated in the mind of the appellant, and the informant was merely an instrument through which the illegal transaction took place.

In *Smith* v. *State* (1938), 214 Ind. 169, 13 N. E. 2d 562, the evidence showed that the appellant had sold narcotics or furnished them on previous occasions and had been warned against the sale. The court held in such instance there was no entrapment where a sale was made to a police officer.

In *Shacklett* v. *State* (1926), 197 Ind. 323, 150 N. E. 758, the evidence showed that the appellant had previously been engaged in the sale of intoxicating liquor and a sale to a police officer was not a situation which lured or persuaded the appellant into the illegal sale.

In *Minton* v. *State* (1966), 247 Ind. 307, 214 N. E. 2d 380 the appellant approached the informant and offered to sell him codeine tablets.

In the recent case of *Neusbaum* v. *State*, 249 Ind. 297, the evidence there showed that the sale was first generated in the mind of the defendant-appellant with a witness-Ray, who reported it to the police and became an informer.

It is true that there is no prohibition against police or private citizens arranging to catch persons engaged in illegal activity. In fact, it is the duty of conscientious and efficient law enforcement officers to make such efforts. However, at the same time, a line must be drawn someplace between a trap for the unwary innocent and a trap for the unwary criminal. The idea must not be planted in the mind of the defendant by a law enforcement officer to violate the law. The idea must already be there and the law enforcement officer merely reveal it by his strategy. *Sherman* v.

*United States* (1958), 356 U.S. 369, 78 S. Ct. 819, 2 L. Ed. 2d 848.

The defense of entrapment need not be specially pleaded. *Sorrells* v. *United States* (1932), 287 U.S. 435, 53 S. Ct. 210, 77 L.ed. 413, 418.

In the above case, at 77 L. Ed. 418 it was said:

" '. . . When the criminal design originates, not with the accused, but is conceived in the mind of the government officers, and the accused is by persuasion, deceitful representation, or inducement lured into the comsion of a criminal act, the government is estopped by sound public policy from prosecution therefor."

In the recent case of *Spight* v. *State* (1967), 248 Ind. 287, 226 N. E. 2d 895, we had a somewhat similar set of facts before us. In that case, however, the appellant was found guilty merely of possession of a narcotic in a case where an informant had made the purchase. There it was argued that an entrapment took place. We pointed out, however, that the appellant in that case was not found guilty of the sale, but merely of possession. There was no entrapment with reference to the possession of marijuana which was revealed by the sale. The law enforcement officers in that case had nothing whatever to do with the illegal possession or bringing it about.

In the present case, however, the court did not find the appellant guilty of possession, but of the sale. It is our opinion that there is a failure of proof in this case to rebut the admitted plan and scheme of the law enforcement officers to bring about a sale of heroin by the appellant.

Where the evidence shows, as in this case, that there was a plan devised by law enforcement officers to reveal a violation of the criminal law and such law enforcement officers participate actively in the transaction which is declared to be illegal, without further proof the evidence shows merely that it was the scheme, the idea, and the

plan which originated with law enforcement officers. There must be in such instances evidence which will rebut that the illegal transaction was induced solely by the plan of the law enforcement officers, since the burden of proof is on the State and does not shift to the defendant. The evidence must show that the illegal transaction was actually that of the appellant and not that of the law enforcement officials or informer who was acting at the instigation of the law enforcement officials.

Here we have no evidence whatever that this appellant, before he was approached by this informant, had been engaged in the sale of heroin or that he had any intent to make a sale before he was asked to do so by a plan of law enforcement officers. The evidence further shows that a search of the appellant and the search of his home immediately following the sale revealed no other heroin in his possession and no $10.00 in his possession. Possession of a supply of heroin beyond the two capsules sold might raise an inference that he kept the supply for the purpose of sale. If law enforcement officers use a scheme or plan to disclose illegal activities of one charged with a crime, then they must also bring forward evidence to show that that party was not innocently lured and enticed to commit the illegal act.

Chief Justice Hughes, in *Sorrells* v. *United States, supra,* 287 U.S. at pp. 441, 442, stated:

"It is well settled that the fact that officers or employees of the Government merely afford opportunities or facilities for the commission of the offense does not defeat the prosecution. Artifice and stratagem may be employed to catch those engaged in criminal enterprises. (cases cited) The appropriate object of this permitted activity, frequently essential to the enforcement of the law, is to reveal the criminal design; to expose the illicit traffic, the prohibited publication, the fraudulent use of the mails, the illegal conspiracy, or other offenses, and thus to disclose the would-be violators of the law. A different question is presented when the criminal design originates with the officials of the Government, and they implant in the mind of an innocent person the disposition to commit the alleged

offense and induce its commission in order that they may prosecute."

We feel in this case the only evidence here shows a plan to lure and entice the appellant to violate the law by selling heroin to an informant under a plan devised by law enforcement officials. The evidence on this point is uncontradicted.

The judgment of the trial court is reversed, and a new trial granted.

Jackson, C. J., Lewis, Mote and Hunter, JJ., concur.

NOTE.—Reported in 231 N. E. 2d 793.