FRED HARDIN AND CARL TAYLOR *v.* STATE OF INDIANA.

[No. 875S187. Filed December 30, 1976.]

*Palmer K. Ward,* of Indianapolis, for appellants.

*Theodore L. Sendak,* Attorney General, *Walter F. Lockhart,* Deputy Attorney General, for appellee.

HUNTER, J.—Appellants Hardin and Taylor were charged by information with conspiracy to deliver a controlled substance and unlawful delivery of a controlled substance. In a trial by the court they were found guilty of both charges and were sentenced to two-fourteen years for conspiracy and ten years-one day for unlawful delivery of a controlled substance.

The facts of this case show that one Jesse Boss, a convicted felon, a drug user for five years, while under a pending robbery charge, made an agreement with the prosecutor and police to make a controlled narcotic buy from appellants, from whom he had bought drugs in previous dealings. As consideration for a successful venture, officials agreed to provide him with a "break" on his pending charge. Boss, strip-searched, wired for sound and carrying $300 in marked bills, entered appellant Fred Hardin's shop. Appellant Hardin declared, "I thought I told you to call." Boss replied, "Well, I lost my billfold and your number." Then Hardin told Boss to come into the office. Hardin then asked, "How many do you want, fifty?" Boss then gave him $300. Appellant Taylor

came in and was told something by Hardin. Taylor then left. On instruction and in the company of two others, Boss left the shop and drove to a Burger Chef restaurant parking lot. About ten minutes later Taylor approached from the direction of a nearby White Castle restaurant and delivered a small brown paper bag to Boss and the other two men which contained 150 packets of heroin. The three divided the packets evenly and left. Boss then delivered his 50 packets to the police controlling the covert operation.

The sole issue presented for our review concerns the alleged entrapment of appellants. Appellants argue that there existed no probable cause to initiate the transaction and that there was insufficient evidence to show their predisposition to commit the offense.

Beginning with *Walker* v. *State,* (1970) 255 Ind. 65, 262 N.E.2d 641, when entrapment becomes an issue, the prosecution has been required to prove that enforcement officials had probable cause of suspecting that the accused was engaged in illegal conduct and was already predisposed to commit the crime. See: *Smith* v. *State,* (1972) 258 Ind. 415, 281 N.E.2d 803.

Today we re-examine our position taken in *Walker*. Justice Prentice, writing in *Smith* v. *State,* expressed the dilemma with which we are still faced:

> "We recognize the absolute necessity, under certain circumstances, of permitting police officers to use this method of detecting crimes and apprehending criminal suspects. The illicit drug traffic running rampant through our society today, the havoc that it is wreaking and its secretive nature and the difficulty of its detection are compelling reasons for permitting this method of criminal determination and apprehension. In view of the magnitude of this problem, it may well be in order to consider means of allowing a greater latitude of investigative procedures in such cases, provided, it can be done without endangering substantial individual rights. It is, nevertheless, a repugnant practice, distasteful at its best and intolerable at its worst."

*Smith* v. *State, supra,* 258 Ind. at 418.

Although still recognizing the onerous aspects of entrapment, we believe the probable cause to suspect requirement has proven more difficult in its application than originally believed and no longer should be an additional burden upon law enforcement officials as they combat the trafficking in drugs.[1] Therefore we overrule *Walker* v. *State, supra,* and its progeny to the extent that it requires the state to prove probable cause to suspect when entrapment has been properly raised.

The second portion of our entrapment rule comes from the position embraced by the majority in the Supreme Court in *Sorrells* v. *United States,* (1932) 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413; *Sherman* v. *United States,* (1958) 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848; and recently reaffirmed in *Russell* v. *United States,* (1973) 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366. This approach centers upon the predilection of the accused to commit the charged crime.

The minority stance in each of these opinions has been that an objective standard that looks only to the police conduct be adopted. This position has been urged upon us by many legal commentators[2] and adopted in several jurisdictions.[3] The rationale for this approach is that courts should not countenance conduct which falls below accepted standards of police conduct. In addition, the focus upon the subjective intent of a defendant necessarily opens the gates to the introduction

1. See Thompson v. State, (1972) 259 Ind. 587, 290 N.E.2d 724. Although this Court determined that the appellant was not entrapped because he had initiated the illegal conduct, Justice DeBruler's dissenting opinion challenged the majority position arguing no probable cause to entrap existed. This case presents an example of the many unusual circumstances with which a police official may be faced; and if probable cause to suspect were required in each instance, the police ability to discover crime would be severely limited.

2. "The crucial question, not easy of answer, to which the court must direct itself is whether the police conduct revealed in the particular case falls below standards, to which common feelings respond, for the proper use of governmental power." Sherman v. United States, 356 U.S. at 382 (Justice Frankfurter's opinion concurring in result.)

3. Grossman v. State, (Alas. 1969) 457 P. 2d 226; State v. Mullen, (Iowa 1974) 216 N.W.2d 375; People v. Turner, (1973) 390 Mich. 7, 210 N.W.2d 336.

into evidence of often variable hearsay and suspicious evidence.

The decision as to which course of the two to follow is no longer without legislative guidance. The new Indiana Penal Code which becomes effective July, 1977, adopts the majority position in *Sorrells*. In the comments to the proposed Penal Code, the drafters state the following:

> "However, the phrase 'a person not predisposed to commit the offense' was added to that section to insure that Indiana would follow the subjective approach to this defense. Under this section the defendant will raise the issue through some evidence showing his conduct was induced by a public officer or employee and that inducement was of such nature that normal law-abiding citizens would have been persuaded to commit the offense."

(Proposed Final Draft, 1974)

The language recommended in the proposed draft is identical to that which becomes effective July 1, 1977.[4]

Even while requiring proof of probable cause to suspect, the courts in Indiana have directed the second portion of their inquiry to the accused's predisposition to commit the crime with which he is charged. This, coupled with the evidence of the legislative choice of the subjective approach, leads us to adopt the view of the majority in *Sorrells, supra,* and *Sherman, supra.*

When the question of entrapment is raised, the court must make a two-part inquiry: (1) Did police officers or their informants initiate and actively participate in the criminal activity; and (2) is there evidence that the accused was predisposed to commit the crime so that the proscribed activity was not solely the idea of the police officials? *Gray* v. *State,* (1967) 249 Ind. 629, 231 N.E. 2d 793. If the evidence shows police activity absent any showing of predisposition on the part of the accused, entrapment as a matter of law has been established. *Id.*

---

4.  Ind. Code § 35-41-3-9 (Burns Supp., 1976).

In the case before us, the officers involved had information that the appellants were selling drugs. When the informant entered appellants' premises, appellant Hardin inquired as to the amount of drugs the informant desired. In addition, an elaborate scheme was developed for the delivery of the drugs to the informant and in a short period of time a large amount of drugs, fifty packets of heroin, was given to the informant. This evidence would clearly establish that appellants were ready and willing participants in the illegal transaction. Therefore, we find the evidence sufficient to establish appellants' predisposition and that they were therefore, not entrapped.

For all of the foregoing reasons, we find that the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., and Arterburn, J., concur; DeBruler, J., concurs in result with opinion in which Prentice, J., concurs; Prentice, J., concurs in result with statement.

### Concurring Opinion

DeBruler, J.—I vote to affirm this conviction, but like Justice Prentice, I cannot concur in the overruling of recent precedent. Precedents should not be discarded without good and sufficient reason. The case before us provides no basis for discarding the rule, first established in *Walker* v. *State,* (1970) 255 Ind. 65, 262 N.E.2d 641, and *Smith* v. *State,* (1972) 258 Ind. 415, 281 N.E.2d 803, and most recently applied by this Court in *Shipp* v. *State,* (1976) 265 Ind. 108, 350 N.E.2d 619, in July of this year, requiring the State to prove probable cause to entrap when the defense of entrapment is raised. The State clearly met that burden in the trial court in this case. In this appeal the State has not even sought to have the holding of these prior cases overruled. It has provided no argument or demonstration to support the majority finding that the requirement of the State to establish entrapment

probable cause is a serious impediment to its legitimate covert operations, and I believe that it is not and has not been.

However, the majority has not been dissuaded by argument, and certain comments in the majority opinion generate concern over the future viability of the defense of entrapment and warrant comment. Under the law as it exists today, the State must prove that "the party was not innocently lured and enticed to commit the illegal act." *Gray* v. *State*, (1967) 249 Ind. 629, 231 N.E.2d 793. This law remains unchanged after today's opinion. If in the particular case, the criminal design originated with the police, and the aid and inducement offered by the police was an efficient cause of the accused's criminal conduct, then it would not be possible to conclude that the conduct of the police merely "revealed the criminal design" already conceived and active in the mind of the accused. *Sorrells* v. *United States*, (1932) 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413. There is a suggestion in the majority opinion, as it has interpreted *Sorrells* and the new Penal Code, that the State does not have the burden of showing that the police artifices only exposed a previously existing criminal design in the mind of the accused which he was willing and in a state of preparedness to carry out. As for myself, without the benefit of briefing and argument on the point, I do not regard either that case or the Penal Code as relieving the State of that very burden and supplanting it with the requirement that the State merely show that the accused was not totally innocent in his attitude toward the proposition offered by the police. If any degree of concurrence by the accused in criminal design at the time it was first laid before the accused is sufficient to rebut the defense of entrapment, then the defense of entrapment is void of substance. Such I believe is not the case.

Prentice, J., concurs.

## STATEMENT CONCURRING IN RESULT

PRENTICE, J.—I concur in the result reached by the majority, because the record reflects that the police did, in fact,

have probable cause to set the trap in which the defendants were caught. I do not agree at this time, however, that the requirement of probable cause should be eliminated; and I especially believe that it is unwise to overrule established case law by reaching out for issues not required to be decided in the case at hand. Such unnecessary activism, in my opinion, is subject to criticism as an intrusion upon the legislative prerogative and as destabilizing to our case law.

NOTE.—Reported at 358 N.E.2d 134.