Alonzo B. STEWART, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 1178S264.

Supreme Court of Indiana.

June 25, 1979.

Joseph D. Bradley, South Bend, for appellant.

Theodore L. Sendak, Atty. Gen., Gordon E. White, Jr., Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Alonzo B. Stewart, was convicted at a bench trial of delivery of a controlled substance, Ind.Code § 35–24.1–4.-1–1 (Burns 1975). He was sentenced to twenty years' imprisonment and now raises the following four issues in this direct appeal.

1. Whether the trial court erred in denying defendant's motions for continuance upon the failure of the confidential informant to appear for trial;

2. Whether the court erred in failing to require the state to stipulate to the testimony of the confidential informant;

3. Whether the court erred in denying defendant's motion for judgment on the evidence based upon the defense of entrapment; and

4. Whether the court erred in admitting evidence concerning defendant's prior criminal record.

A summary of the facts from the record reveals that Robert Anderson was working as an undercover narcotics officer for the Indiana State Police. In November and December of 1976, he was assigned to work with a confidential informant, Sue Johnson, who was operating a business in Mishawaka, Indiana. During the time he was working with Johnson, he made several drug

purchases from different individuals in the South Bend area. Johnson would arrange for him to meet these individuals in her shop, and then Anderson himself would make further arrangements for the drug purchases. The defendant was mentioned by one of these individuals as being a possible source for the purchase of drugs.

On December 14, the informant, Johnson, talked to the defendant on the telephone and arranged for him to come over to her shop. When the defendant arrived at the shop, Johnson introduced him to Anderson. They talked for a few minutes and Anderson mentioned that he knew one of defendant's friends. Anderson had, in fact, purchased drugs from this friend and had seen him using defendant's car at the time he made these purchases.

During the conversation, Anderson told the defendant that he wanted to "get a bag for this week." The defendant responded that he would check it out. Later that same evening, Anderson called the defendant and asked him if he had been able to arrange anything. Defendant said he was waiting for his people to come in and he might be able to furnish "20 caps" later that evening. However, in a later call, Anderson found out there was nothing available that night.

Anderson left town for a week, and when he returned he met the defendant at his hotel and was told that "Memphis had the boy in." The officer later explained at the trial that the term "boy" was a common street expression for heroin. At the hotel, the defendant said that he could get whatever Anderson wanted. Anderson said he was still interested in the 20 caps, so defendant left the hotel for approximately an hour and a half and then returned with the drugs. Anderson paid defendant $160 for the 20 caps. The defendant said that if Anderson ever needed any more he would be glad to go get it for him. Anderson made tape recordings of the telephone conversations he had with the defendant, and the conversations were monitored by another officer. The laboratory tests revealed that the capsules did contain heroin.

## I.

On the day of the trial, the defendant made an oral motion for continuance in order to locate the police informant, Sue Johnson. The defendant had filed a written Motion for Discovery several months prior to trial. He had also filed a Motion to Compel Disclosure of Identity and Whereabouts of Witness. In response to the latter motion, the state gave the defendant Sue Johnson's name and said that she was supposed to be living somewhere in Minnesota but they had been unable to locate her exact address.

Subsequently, on the morning of the trial the defendant moved for a continuance, contending that the state had failed to comply fully with the discovery order and that the informant was a critical witness to his defense of entrapment. He argued that the witness could offer substantial testimony concerning his lack of predisposition to sell drugs. His motion was denied by the court. After the state rested its case, the defendant called as his first and only witness, the informant, Sue Johnson. When she failed to appear, the defendant renewed his motion for a continuance for the purpose of locating and producing Sue Johnson to testify on his behalf. This motion was also denied by the court.

It is clear that the defendant's motions for continuance were not based on statutory grounds and that he did not submit an affidavit concerning Johnson's testimony. The rulings on the motions, therefore, were within the discretion of the trial court and will be reversed only on a clear showing of an abuse of that discretion. *Works v. State,* (1977) 266 Ind. 250, 362 N.E.2d 144; *King v. State,* (1973) 260 Ind. 422, 296 N.E.2d 113; Ind.Code § 35–1–26–1 (Burns 1975). Although the defendant argues that he was severely prejudiced by the absence of the informant, we can find no abuse of discretion in denying defendant's motions for continuance in this case. Most of the part the informant played was tape-recorded and the tapes were furnished to the defendant. Her testimony would not

bear on any actual dealing, since she did not take part in any sale. There was other, independent evidence of defendant's predisposition to sell drugs. Furthermore, the defendant had ample time prior to trial to attempt to locate the witness himself but presented no evidence that he had done so.

## II.

■ After the trial court's denial of his motions for continuance, the defendant requested that the state be directed to stipulate to the proposed testimony of the informant. The court denied this motion. We find no error here, since there is no authority for requiring a court to force either party to stipulate to the testimony of an absent witness. The case defendant cites, *Blume v. State,* (1963) 244 Ind. 121, 189 N.E.2d 568, is inapplicable since it refers only to circumstances where a defendant's motion for continuance because of an absent witness should be granted. We have found no such circumstances in the instant case.

## III.

At the close of the state's case, the defendant moved for judgment on the evidence on the ground that the state had not presented sufficient evidence to overcome his defense of entrapment. This motion was denied. The defendant now contends that this was error since there was no evidence of any predisposition on his part to sell the drugs. He argues that all the initiation of the sale was on the part of the police officer. He also argues that since several calls had to be made by the officer to arrange the sale and since only one sale was made with no efforts by the defendant to make subsequent sales, the evidence shows that he was entrapped by the police into making an isolated sale.

■ It is clearly established that entrapment, as a defense, exists when the defendant has been induced or hired by a governmental agency to commit a crime he had no predisposition to commit. *Hutcherson v. State,* (1978) Ind., 380 N.E.2d 1219; *Mendez v. State,* (1977) Ind., 367 N.E.2d 1081; *Har-*

*din v. State,* (1976) 265 Ind. 635, 358 N.E.2d 134. If the police merely afforded the accused an opportunity to commit the crime, he cannot rely on the defense of entrapment. *Hutcherson, supra; Mendez, supra; Johnson v. State,* (1971) 255 Ind. 589, 266 N.E.2d 57.

■■ The question of predisposition is a question of subjective intent. On review, this Court neither weighs the evidence nor resolves questions of witness credibility. We consider only that evidence most favorable to the state, together with all reasonable and logical inferences to be drawn therefrom. We will not disturb a judgment that is supported by substantive evidence of probative value. *Poindexter v. State,* (1978) Ind., 374 N.E.2d 509; *Henderson v. State,* (1976) 264 Ind. 334, 343 N.E.2d 776.

■ In the instant case, there was evidence that the police officer heard of the defendant through another known drug dealer. This other drug dealer had been using defendant's car when the officer made drug purchases from him. The defendant's conversations with the police officer showed that he was familiar with drug terminology and was immediately able to discuss prices and quantities of heroin. He knew where the drug could be obtained and talked about his source of supply as being "my people." He indicated to Anderson after the sale that he would be happy to get more. These were sufficient facts from which the trier of fact could infer that the transaction was not merely an isolated sale and that the necessary predisposition to commit the offense existed. The fact that only one sale was actually made is only one item to be weighed by the trier of fact along with the other evidence of defendant's predisposition to sell drugs and his willingness to make further sales.

## IV.

During the course of his testimony, Anderson mentioned that he had seen the defendant's record of a prior drug conviction for possession of heroin. The defendant objected to this testimony as being hearsay,

but the trial court admitted it as forming part of the basis of the officer's investigation and not as evidence of the defendant's guilt.

It has been held that evidence of similar unlawful conduct bearing on a defendant's predisposition is subject to normal rules of admissibility, *Medvid v. State,* (1977) Ind. App., 359 N.E.2d 274.

 However, in the instant case, even if the testimony concerning the prior record was erroneously admitted, any error would be harmless since there was substantive, independent evidence of probative value of the defendant's predisposition to commit the crime including appellant's own statements to Officer Anderson from which prior possession could reasonably be inferred.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER and PIVARNIK, JJ., concur.

PRENTICE, J., concurs in result.