**Carson MOORE, Defendant-Appellant**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 3–978A247.**

Court of Appeals of Indiana,
Third District.

July 17, 1979.

John F. Surbeck, Jr., Deputy Public Defender, Fort Wayne, for defendant-appellant.

Theo. L. Sendak, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Presiding Judge.

Moore was convicted of delivering a controlled substance, L.S.D. His appeal urges that he was entrapped as a matter of law and that the court erred in instructing the jury.

The evidence reveals that Edward Johnson, a police officer acting undercover, saw Moore sitting in the driver's seat of a parked vehicle on County Road 75. Johnson got out of his vehicle and walked toward the driver's side of the Moore vehicle. He observed Moore counting a large number of white and orange pills which were in his lap. Johnson asked Moore if he wanted to sell the drugs. Moore responded that he would. Johnson then asked how much Moore wanted for the pills. Moore said he wanted $20.00 for one hundred white tablets, identified as speed, and $2.00 each for the orange tablets, which were L.S.D.

Johnson purchased 100 tablets of speed and 20 L.S.D. tablets. Moore noticed that Johnson had a one hundred dollar bill and asked if he could have it as he had a bunch of other change and didn't want any more. Johnson then went to a trailer to run a test on the pills. The white tablets were determined to be caffeine, a non-controlled substance. The orange tablets were L.S.D.

In *Hardin v. State* (1976), 265 Ind. 635, 358 N.E.2d 134 our Supreme Court identified the two-part inquiry necessary to resolve a claim of entrapment. The court must first determine if police officers or their informants initiated and actively participated in the criminal activity. If such was the case, the court must then determine if there is evidence from which the trier of fact might reasonably find that the accused was predisposed to commit the crime so that the proscribed activity was not solely the idea of the police officials. Without such evidence a reasonable doubt as to the existence of entrapment exists as a matter of law. *Gray v. State* (1967), 249 Ind. 629, 231 N.E.2d 793. Moore urges that the state failed to present any evidence of predisposition to commit the crime. We disagree.

At the time of the transaction, Moore was sitting in a parked vehicle along a country road with a large number of pills in his possession. When asked if he wanted to sell the pills, he responded that he would and set a price for the different types of pills. There was no evidence that Moore vacillated on whether to sell the pills, nor is there evidence that the undercover officer threatened, cajoled or persuaded Moore to complete the transaction. From his location, the quantity of pills in his possession, their openness, the lack of hesitation, the readiness to state a price, and the misrepresentation of the nature of the large number of white pills, the jury could reasonably have inferred that Moore possessed the requisite independent intent to complete the offense. The court did not err in refusing to direct a verdict.

Moore contends the court erred in giving State's Instruction No. 4 over his objection. This instruction stated,

"Where a third party, who does not know the true identity of the Government agent, unwittingly leads the Government agent to the defendant, there is no entrapment. . . . Therefore, the Government is not 'the initiator of the defendant's illegal acts in the sense of having induced the defendant to do what the defendant would otherwise not have been willing to do.'"

The instruction paraphrases certain language in *Thompson v. State* (1972), 259 Ind. 587, 290 N.E.2d 724, *cert. den.* 412 U.S. 943, 93 S.Ct. 2788, 37 L.Ed.2d 404. We disapprove its use because it is misleading and incorrectly states the law in that it precludes a question of entrapment *whenever* a third party unwittingly leads a government agent to the ultimate defendant.

██ It is true that if such a third party procures commission of the offense no entrapment arises because the third party's conduct is not chargeable to the government. It is also true that even where the government agent participates the total circumstances may sufficiently establish the defendant's willingness to commit the offense. *See, e. g., Sorrells v. United States* (1932), 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413.

 On the other hand, the mere fact that the ultimate defendant was not the original or specific target of the government plan does not preclude entrapment if the government agent, in fact, procured him to commit an offense he was not otherwise willing to commit. *Sorrells, supra; Hardin, supra.*

However, we believe the error was harmless in the present case for, as Moore concedes, there was no evidence presented that Officer Johnson was led to Moore by any third person.

██ Of course, that the instruction was not supported by the evidence was another reason making it error to give it. But where, as here, it does not appear that the defendant was harmed thereby, the error is not reversible. *Colondro v. State* (1919), 188 Ind. 533, 125 N.E. 27.

The conviction is affirmed.

HOFFMAN and STATON, JJ., concur.