Earl A. BEACH, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 2–280A63.

Court of Appeals of Indiana,
First District.

Aug. 5, 1980.

Rehearing Denied Sept. 24, 1980.

Gary R. Landau, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for appellee.

NEAL, Judge.

Defendant Earl Beach was convicted of a class D felony, to wit: a violation of Ind. Code 35–30–10.1–2 (Supp.1979).[1] The charging instrument states that on April 14, 1979, in Marion County, Defendant:

> "Did knowingly, exhibit to another person, to wit: THOMAS R. RODGERS, obscene matter depicting sexual conduct involving a person under sixteen (16) years of age, to wit: Photographs and Motion Pictures exhibiting the uncovered genitals of a person under sixteen (16) years of age. . . ."

Defendant asserts there is insufficient evidence to prove that he committed the offense. More specifically, Defendant asks us to construe the term "exhibit" within the meaning of the statute. He contends that cases showing convictions under the statute are based upon the defendant's involvement in a commercial enterprise, citing *Hagood v.*

*State*, (1979) Ind.App., 395 N.E.2d 315, and *Ford v. State*, (1979) Ind.App., 394 N.E.2d 250.

First, we agree with Defendant that in both *Hagood* and *Ford, supra*, the defendants were involved in a commercial sale of obscene matter. We further agree that the defendants were charged with and convicted of distribution of obscene matter, and rightly so, given Ind.Code 35–30–10.1–1(g), which provides:

> "(g) 'Distribute' means to transfer possession of obscene matter, for a consideration."

However, in the case at bar Defendant was found guilty of knowingly or intentionally exhibiting obscene matter to another person, an offense clearly within the letter of the statute.

Absent a manifest legislative intent that words employed in a statute are to be given a technical or limited meaning, words are to be given their plain, ordinary, and usual meaning. *Johnson v. Wabash County*, (1979) Ind.App., 391 N.E.2d 1139; Ind. Code 1–1 4–1. *Webster's Third New International Dictionary* (1967) defines exhibit, in the first instance, as "to present to view: SHOW, DISPLAY. . . ." Black's Law Dictionary (1967) defines the term as follows:

> "EXHIBIT, *v.* To show or display; to offer or present for inspection. To produce anything in public so that it may be taken into possession."

Having determined the plain, ordinary, and usual meaning of the word, we now must consider whether Defendant showed, displayed, or presented obscene matter to another's view.

In reviewing the sufficiency of evidence this court will neither reweigh the evidence nor judge the credibility of witnesses. Rather, we look to the evidence

---

1. Ind.Code 35–30–10.1–2 provides:
 "Sec. 2. A person who knowingly or intentionally:
 (1) sends or brings into Indiana obscene matter for sale or distribution; or
 (2) offers to distribute, distributes, or exhibits to another person obscene matter;

commits a Class A misdemeanor. However, the offense is a Class D felony if the obscene matter depicts or describes sexual conduct involving any person who is or appears to be under sixteen (16) years of age."

most favorable to the State, together with all reasonable and logical inferences to be drawn therefrom. *Coonan v. State*, (1978) Ind., 382 N.E.2d 157, *cert. denied*, 440 U.S. 984, 99 S.Ct. 1798, 60 L.Ed.2d 246; *Jones v. State*, (1978) Ind., 377 N.E.2d 1349. If there is evidence of probative value to support the conclusion of the trier of fact, the conviction will not be set aside. *Bryant v. State*, (1978) Ind., 376 N.E.2d 1123; *Sypniewski v. State*, (1977) 267 Ind. 224, 368 N.E.2d 1359; *Maxey v. State*, (1976) 265 Ind. 244, 353 N.E.2d 457.

■ Detective Thomas Rodgers testified that on April 14, 1979, in a hotel located in Marion County, Defendant opened a green file box, drew out a manilla folder and exhibited to him obscene matter, i. e. photographs of the uncovered genitals of a person under sixteen years of age. The detective further testified that Defendant exhibited numerous other obscene photographs, magazines, and motion pictures. We find the evidence sufficient to sustain the conviction.[2]

Defendant asserts the trial court erred in failing to find the defense of entrapment. In his brief, Defendant relies upon *Smith v. State*, (1972) 258 Ind. 415, 281 N.E.2d 803 and *Walker v. State*, (1970) 255 Ind. 65, 262 N.E.2d 641, and the probable cause requirement elucidated therein. These cases were overruled in *Hardin v. State*, (1976) 265 Ind. 635, 358 N.E.2d 134. In his reply brief, however, he correctly refers to the predisposition requirement set forth in *Gray v. State*, (1967) 249 Ind. 629, 231 N.E.2d 793, followed in *Hardin, supra*, and thereby avoids having the issue waived. Ind. Rules of Procedure, Appellate Rule 8.3.

■ The defense of entrapment exists when the defendant has been induced or hired by a government agency to commit a crime he had no predisposition to commit. *Couch v. State*, (1980) Ind.App., 402 N.E.2d 10. When the question of entrapment is raised, the court must perform a two-part inquiry: (1) Did police officers or their informants initiate and actively participate in the criminal activity; and (2) Is there evidence that the accused was predisposed to commit the crime so that the proscribed activity was not wholly the idea of the police officials? *Hardin, supra.*

■ We note at the outset that the question of predisposition is one of subjective intent. Thus, on review, this court neither weighs the evidence nor resolves questions of witness credibility. We consider only that evidence most favorable to the State, together with all reasonable and logical inferences to be drawn therefrom. We will not disturb a judgment that is supported by substantive evidence of probative value. *Stewart v. State*, 1979, Ind., 390 N.E.2d 1018; *Poindexter v. State*, (1978) Ind., 374 N.E.2d 509.

Detective Thomas Rodgers obtained Defendant's name from a California law enforcement officer during the course of an investigation of Roger Marsh, a suspected distributor of child pornography. Detective Rodgers, using the pseudonym Wayne Hastings, contacted Defendant by letter. In this letter, which was not introduced into evidence but was the subject of considerable testimony, Wayne Hastings requested information about Roger Marsh and indicated an interest in child pornography by the use of pedophilic, "insider" terminology such as "moppet movie" and "magpie."

In his first, written response, Defendant acknowledged his pedophilic interests and offered to gather all his materials together and pay Hastings a visit so that he could view them. Defendant also enclosed two photographs of a young girl, appearing to be between the ages of six and seven, which he identified as his niece. In a second, written response, Defendant indicated he possessed additional pictures of his niece. He expressed some delight at the prospect

---

**2.** In the alternative, Defendant, citing *Stanley v. Georgia*, (1969) 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542, and *Stoner v. California*, (1964) 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856, derives and asserts a right to possess and exhibit pornography in the privacy of a hotel room. The argument is lacking in cogency. A.R. 8.3(A)(7). The hotel room was the detective's.

of the Indianapolis meeting and the opportunity to peruse one another's collections.

Evidence of events occurring at the time of, or after the initial contact by the officer with the defendant, or occurring at the time of the commission of the offense, is admissible to show predisposition. *Price v. State*, (1979) Ind.App., 397 N.E.2d 1043.

To be sure, Detective Thomas Rodgers feigned an interest in obscene matter and presented Defendant an opportunity to commit the crime; however, this does not constitute entrapment. Defendant's admitted personal and/or business relationship with Roger Marsh, his admitted pedophilic affections, his familiarity with insider terminology, his willingness to forward, by mail, personal photographs to a stranger, his apparent readiness to exhibit his collection, and his admission of having previously traded obscene matter, are sufficient evidence of predisposition to avoid the defense of entrapment and sustain the judgment of the trial court. *Stewart, supra* ; *Hutcherson v. State*, (1978) Ind., 380 N.E.2d 1219; *Mendez v. State*, (1977) 267 Ind. 67, 367 N.E.2d 1081; *Moore v. State*, (1979) Ind. App., 391 N.E.2d 1168· *Burress v. State*, (1977) Ind.App., 363 N.E.2d 1036.

Judgment affirmed.

ROBERTSON, P. J., and YOUNG, J. (participating by designation), concur.