David SILVA, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 2–579A127.

Court of Appeals of Indiana,
First District.

Sept. 30, 1980.

Rehearing Denied Nov. 17, 1980.

Howard S. Grimm, Jr. and John F. Surbeck, Jr., Grimm & Grimm, Fort Wayne, for defendant–appellant.

Theodore L. Sendak, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for plaintiff–appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

This is an appeal from the Adams Circuit Court by defendant–appellant David Silva (Silva) from a conviction on two counts of dealing in marijuana in excess of 30 grams under Ind.Code 35–48–4–10(1) (Supp.1978).

We reverse.

## STATEMENT OF THE FACTS

The evidence most favorable in support of the conviction discloses that on December 7, 1978, Douglas Schultz, a State Police detective in the drug enforcement section and his informant, Mick Smith, at the culmination of an investigation, approached Silva and asked if he "had anything." Silva responded that he had just purchased one–half pound of Mexican marijuana which he would sell for $25 per bag after he had a chance to "bag it up," and that he could meet them in 10 or 20 minutes. Approximately 35 minutes later, Schultz and Smith met Silva who was accompanied by Manuel Lopez. Discussion was had relative to sampling, and Schultz and Smith feigned sampling a cigarette. Schultz purchased two bags for $50, and Silva had four bags remaining. Further discussion was had about the availability of amphetamines.

On January 3, 1979, a further meeting was had among Schultz, Smith, and Silva at Silva's apartment where Schultz observed four bags which he believed to contain marijuana. He also observed a baby scale and a large, brown paper bag which apparently contained some bulk marijuana. Silva asked Schultz how much he wanted, and Schultz replied that he wanted a quarter of a pound. Silva said it would cost $95. Silva informed Schultz that the baby scale was not accurate for weighing quantities of one–quarter pound or less, but that he would sell him a pound for $350. Schultz declined, saying that he did not have that much money. Silva then said he would be braking it down in quarter pounds later and if Schultz would come back in a couple of hours or the following day, he would sell him the requested one–quarter pound. Schultz returned the next day and the sale was completed. As they parted, Silva told Schultz, "Be sure and come back; the marijuana is flowing free."

Silva was charged in Count I with dealing in marijuana in the amount of 52.3 grams, and in Count II with dealing in marijuana in the amount of 103.3 grams.

## ISSUES

Three issues are presented in this appeal, as follows:

I. Whether the trial court erred in refusing to allow the defendant to depose the State's confidential informant whose identity was known to the defendant;

II. Whether the State produced sufficient evidence to overcome the defense of entrapment raised by the defendant;

III. Whether the trial court erred in giving his instruction No. 16, an entrapment instruction, over the objection of the defendant.

## DISCUSSION AND DECISION

*Issue I. Disclosure of Identity of Confidential Informant*

The defendant argues that the trial court erred in refusing to allow the defendant to

depose the State's confidential informant whose identity was known to the defendant. The evidence at the hearing on the motion to quash the deposition disclosed only the mere presence of the informant, Mick Smith, at the various contacts between the undercover officer and the defendant and his mere presence at the purchases of marijuana.

 It is well settled that the general policy of this state is to prevent the disclosure of an informant's identity unless such disclosure is relevant and helpful to the defense or is necessary to a fair trial. *Lewandowski v. State*, (1979) Ind., 389 N.E.2d 706; *McCulley v. State*, (1971) 257 Ind. 135, 272 N.E.2d 613. Since the State has the privilege of withholding the identity of an informant, the burden is upon the defendant to demonstrate the exception. *United States v. Alvarez*, (9th Cir. 1973) 472 F.2d 111, *cert. denied*, 412 U.S. 921, 93 S.Ct. 2742, 37 L.Ed.2d 148; *Lewandowski, supra.* It is also generally held that the mere presence of the informant during the sale is not sufficient to overcome the privilege of nondisclosure. *Lewandowski, supra.*

 In the instant case, the defendant has not demonstrated how the deposition, and thus disclosure, of the informant would have been relevant or helpful to the defense or essential to the fairness of the trial, since the role of the informant in the entire incident was to introduce the undercover officer to the defendant. Further, the State evinced a concern for the safety of the informant. Defendant argues that since the name of "Mick Smith" was known, the reasons for the rule no longer exist. It is not shown in the briefs that the evidence disclosed that this was the informant's real name or whether it was a pseudonym. Thus the trial court correctly refused to compel the deposition and the disclosure of the informant's identity. *See also Craig v. State*, (1980) Ind., 404 N.E.2d 580.

*Issue II. Predisposition—Burden of Proof*

 Indiana adopted the predisposition rule relative to the defense of entrapment in *Hardin v. State*, (1976) 265 Ind. 635, 358 N.E.2d 134, which was codified in Ind.Code 35–41–3–9 (Supp.1980). It is stated that when there is evidence that a police officer or agent has participated in the buying of a controlled substance, the State must then present evidence showing the accused's predisposition to commit the criminal act in order to prove that the criminal act was not solely the idea of the police. If the police merely afforded the accused an opportunity to commit the crime, he cannot rely upon the defense of entrapment. *Horn v. State*, (1978) Ind.App., 382 N.E.2d 1012. The question of predisposition is a question of subjective intent, which is a matter for the trier of fact. *Stewart v. State*, (1979) Ind., 390 N.E.2d 1018. Evidence of events at the time of the sale alone is sufficient to sustain the proof of predisposition. Evidence of the defendant's ability to obtain a supply of drugs within a few minutes, several different schemes to accomplish the sale, multiple sales to officers, and a large supply of contraband in his possession has been held sufficient to show predisposition. *Hutcherson v. State*, (1978) Ind., 380 N.E.2d 1219. Evidence of the defendant's willing answer, when told by the undercover agent that he was looking for something, that the defendant had some "jive," and the defendant's leading the officers to a restroom where the transaction was consummated was held to be sufficient evidence of predisposition. *Cyrus v. State*, (1978) Ind., 381 N.E.2d 472.

 We will neither weigh the evidence nor judge the credibility of the witness. Rather we look to the evidence most favorable to the State, together with all reasonable and logical inferences to be drawn therefrom. *Coonan v. State*, (1978) Ind., 382 N.E.2d 157. If there is evidence of probative value to support the conclusion of the trier of fact, the conviction will not be set aside. *Bryant v. State*, (1978) Ind., 376 N.E.2d 1123.

 The evidence disclosed in the Statement of the Facts more than amply supports the predisposition of Silva to traffic in marijuana.

*Issue III. Erroneous Instruction*

Silva next challenges the court's instruction No. 16, an entrapment instruction, which reads as follows: '

"The defendant has raised the defense of entrapment. The defense of entrapment is raised through a plea of not guilty and need not be specially pleaded. The defense is established by some evidence that the officer, or his agent, induced the criminal act. Entrapment is an affirmative or positive defense in the nature of a confession and avoidance to be proved by the defendant. The burden of proof rests upon the defendant to establish by competent evidence that his conduct was the product of a law enforcement officer, or his agent, using persuasion or other means likely to cause him to engage in the unlawful or proscribed conduct, and that the defendant was not predisposed or inclined to commit the offense. The defendant under the affirmative defense of entrapment is required to prove his defense by a preponderance of the evidence, and the State is not required to rebut the defense beyond a reasonable doubt.

Whether the defendant has met his burden of proof is a question of fact to be decided by the Jury.

You are further instructed, however, that the burden of proof never shifts in a criminal case, and a person may be convicted of an offense only if his guilt is proved beyond a reasonable doubt, but notwithstanding this universal rule of law the burden of proof is on the defendant to establish the defense of entrapment by a preponderance of the evidence."

 Much language exists in entrapment cases stating that the burden of proof in entrapment cases remains with the State. Instruction No. 16 is, therefore, erroneous. Our Supreme Court in *Gray v. State,* (1967) 249 Ind. 629, 633–34, 231 N.E.2d 793, said:

"Where the evidence shows, as in this case, that there was a plan devised by law enforcement officers to reveal a violation of the criminal law and such law enforce-

ment officers participated actively in the transaction which is declared to be illegal, without further proof the evidence shows merely that it was the scheme, the idea, and the plan which originated with law enforcement officers. There must be in such instances evidence which will rebut that the illegal transaction was induced solely by the plan of the law enforcement officers, since the burden of proof is on the State and does not shift to the defendant. The evidence must show that the illegal transaction was actually that of the appellant and not that of the law enforcement officials or informer who was acting at the instigation of the law enforcement officials."

*Gray, supra,* was cited with approval in *Hardin, supra,* where the court further stated, in 265 Ind. at 639, 358 N.E.2d at 136, "If the evidence shows police activity absent any showing of predisposition on the part of the accused, entrapment as a matter of law has been established." In *Price v. State,* (1979) Ind.App., 397 N.E.2d 1043, 1046, we stated, "Insomuch as the idea of the charged illegal conduct originated with the police, the State had the burden of proving a predisposition on the part of defendant to engage in the illegal activities." *See also Horn, supra.*

The rule in *Gray, supra,* was enlarged upon in *Medvid v. State,* (1977) Ind.App., 359 N.E.2d 274. There the court said at 275:

"At the time Medvid was tried, when entrapment appeared as an issue in a criminal prosecution, two distinct obligations devolved upon the state. [Citations omitted.]

One concerned the substantive proof necessary for conviction. In *Gray v. State* (1967), 249 Ind. 629, 231 N.E.2d 793, our Supreme Court held that where the evidence established *no more* than a sale (or delivery) of a contraband made in response to a solicitation by government agents as a part of a plan initiated by the Government to reveal a violation of the criminal law, a reasonable doubt regarding entrapment existed as a matter of

law. Thus, when entrapment is an issue *the state* [our emphasis] must produce evidence of probative value from which the trier of fact may reasonably infer that the accused possessed the necessary subjective intent to sustain a conviction.... *See, also Sorrells v. United States* (1932), 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413. Such evidence is frequently referred to as predisposition evidence."

In *Davila v. State*, (1977) Ind.App., 360 N.E.2d 283, 286, Judge Hoffman correctly analyzed the burden of proof in entrapment cases as follows:

"Davila was engaged by the police through an informer to make a specific sale in a laundromat after first having been coaxed down the street to a supplier. Accordingly the record discloses facts showing sufficient inducement to present a *prima facie defense of entrapment.*

Having discerned a prima facie defense, our concern turns to whether the accused had sufficient propensity to commit the crime irrespective of policy inducement. Such being a question of subjective intent, its determination is within the exclusive province of the jury." (Citations omitted and emphasis added.)

The State cites *Johnson v. State*, (1971) 255 Ind. 589, 266 N.E.2d 57, to sustain the instruction. That case contains the following language in 255 Ind. at 593, 266 N.E.2d at 60:

"Entrapment is an affirmative or positive defense, and one that defendant must prove. It is in the nature of a confession and avoidance."

In light of subsequent entrapment cases discussed above, we are of the opinion that *Johnson* can be distinguished upon its facts. There, an undercover officer joined the "Black Panther" organization and participated in planning and attempting a raid upon an armory. The sole issue was whether the undercover agent instigated the offense or merely went along.

 In summary, we are of the opinion that the authorities discussed above disclose, relative to the burden of proof in entrapment cases, that the defense of entrapment is inserted into a case, and a prima facie defense of entrapment is made, when probative evidence is presented either by the State or the defendant, whether formally pleaded or not, that a government officer or his agent has solicitated or has participated in the commission of the charged offense. The only burden of proof on the defendant is to adduce or bring forth some probative evidence of the officer's solicitation or participation if the State has not already done so. He does not bear the burden of persuasion since that burden of proof does not shift. Once the prima facie defense is thus made, there is thereby imposed upon the State the burden of proving the necessary predisposition on the part of the defendant to commit the offense. Insomuch as the question of predisposition is a question of subjective intent, it relates to one of the elements of the offense which must be proven beyond a reasonable doubt. The determination of such a question is exclusively for the jury.

 Here the evidence shows, without dispute, that the undercover officer initiated the purchase of marijuana from the defendant. The State presented evidence of predisposition on the part of Silva as shown in the Statement of the Facts. Silva presented evidence tending to negate predisposition. Therefore, the trial court's instruction No. 16, which cast on Silva the burden of proving lack of predisposition, is reversible error.

For the reason above stated, this cause is reversed, and the trial court is directed to grant a new trial.

Reversed.

ROBERTSON, P. J., and RATLIFF, J., concur.