Lawrence D. SOWERS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee.

No. 2–680 A 202.

Court of Appeals of Indiana,
Second District.

Feb. 16, 1981.

Gary R. Landau, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen. of Indiana, Linley E. Pearson, Atty. Gen., Frederick N. Kopec, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

Appellant Lawrence D. Sowers appeals his conviction of four violations of the Indiana Uniform Controlled Substance Act. IC 35–48–4–2 (Burns Code Ed.Repl.1979). We affirm.

Sowers and a codefendant were charged by information with the following offenses:

Count I: Sowers only, delivery of a controlled substance, LSD, on May 5, 1979;

Count II: Sowers only, delivery of a controlled substance, methaqualone, on May 6, 1979;

Count III: Sowers only, delivery of a controlled substance, LSD, on May 12, 1979;

Count IV: Sowers and codefendant, conspiracy to deliver a controlled substance, LSD, on May 17, 1979;

Count V: Codefendant only, attempt to deal in a controlled substance, LSD, on May 17, 1979;

Count VI: Sowers only, attempt to deal in a controlled substance, LSD, on May 17, 1979.

Following a trial by jury, the codefendant was acquitted and Sowers was found guilty of Counts I, II, III, and VI.

Sowers argues the trial court erred in admitting evidence seized pursuant to a search warrant issued pursuant to a defective probable cause affidavit. Technically, Sowers' argument is waived because he failed to include the probable cause affidavit in the record. However, we examine his arguments insofar as the evidentiary basis is otherwise presented and to the extent they are not otherwise waived.

Sowers first claims the search warrant was defective because the probable cause affidavit incorrectly described the premises to be searched as his residence. However, this claim is presented without legal argument or citation of authority. Under Ind.Rules of Procedure, Appellate Rule 8.3(A)(7), we need not consider bald assertions of error. *Crosson v. State,* (1978) 268 Ind. 511, 376 N.E.2d 1136; *Williams v. State,* (1973) 260 Ind. 543, 297 N.E.2d 805.

Further, Sowers has not shown the alleged error, if any, was recklessly or intentionally made or that it was prejudicial; therefore, the motion to suppress was properly denied. *U. S. v. Luna,* (6th Cir. 1975)

525 F.2d 4; *U. S. v. Scherer*, (7th Cir. 1975) 523 F.2d 371; *U. S. v. Carmichael*, (7th Cir. 1973) 489 F.2d 983; *Misenheimer v. State*, (1978) 268 Ind. 274, 374 N.E.2d 523.

Sowers next claims the search warrant was invalid because the probable cause affidavit was void for staleness citing *Ashley v. State*, (1968) 251 Ind. 359, 241 N.E.2d 264. In *Ashley* our Supreme Court held an affidavit containing *only* the information that drugs, substances which are easily concealed and moved, were present eight days earlier was not sufficient to establish probable cause. This case does not establish a *per se* staleness doctrine.

■ The only fact before us relating to the probable cause affidavit is that the information it contained was secured two days prior to the issuance of the warrant. Therefore, in order to sustain Sowers' appeal on this issue, we would be required to hold that two-day-old information relating to drugs is *per se* stale even though that information might be that two days ago a "buy" was arranged for one day hence at a specific time and place. This result is not supported by authority. *Mills v. State*, (1975) 163 Ind.App. 608, 325 N.E.2d 472 [two days]; *Jones v. State*, (1975) 163 Ind. App. 454, 324 N.E.2d 828 [three days].

We therefore conclude the trial court did not err in refusing to quash the search warrant or in admitting the evidence seized thereunder.

Sowers next alleges as error the trial court's denial of his motion for a separate trial of defendants.

■ The denial of a separate trial is within the discretion of the trial court and a demonstration of prejudice to the defendant must be made. *Bluitt v. State*, (1978) Ind., 381 N.E.2d 458; *White v. State*, (1975) 263 Ind. 302, 330 N.E.2d 84. Sowers has made no attempt to demonstrate such prejudice. We must therefore find no abuse of discretion.[1]

Sowers' final allegation of error is the trial court erred in denying his motion for a directed verdict made at the close of the State's case. Sowers has waived the error, if any, by the introduction of evidence in his defense after the adverse ruling. *Miller v. State*, (1978) 267 Ind. 635, 372 N.E.2d 1168. We will, however, consider Sowers' argument as if he were challenging the sufficiency of the evidence. Sowers argues the State failed to overcome his defense of entrapment.

The defense of entrapment is governed by statute which provides:

"(a) It is a defense that:

(1) the prohibited conduct of the person was the product of a law enforcement officer, or his agent, using persuasion or other means likely to cause the person to engage in the conduct; and

(2) the person was not predisposed to commit the offense.

(b) Conduct merely affording a person an opportunity to commit the offense does not constitute entrapment." IC 35–41–3–9 (Burns Code Ed.Repl.1979)

■ When the defense has been raised the burden falls upon the State to prove either that the prohibited conduct of the accused was not the product of the efforts of a law enforcement officer or that the accused was predisposed to engage in the conduct. *Williams v. State*, (1980) Ind., 412 N.E.2d 1211; *Hardin v. State*, (1976) 265 Ind. 635, 358 N.E.2d 134.

Although we question whether the prohibited conduct here involved was the "product of the law enforcement official . . . using persuasion or other means likely to cause the person to engage in the conduct," Sowers and the State have focused their attention on the second segment of the defense, *i. e.*, predisposition. We will therefore do likewise.

Thus, the issue before us is whether there was sufficient evidence of probative value from which the trier of fact could infer

---

1. In addition, Sowers failed to renew his motion for separate trial before or at the close of all the evidence and waived his right to a sever-

ance. IC 35–3.1–1–12(b) (Burns Code Ed.Repl. 1979).

beyond a reasonable doubt that Sowers possessed the requisite intent to commit the offenses charged, i. e., whether he was predisposed.

 Evidence of events occurring at the time of or after the initial contact by the officer or agent with the accused or of events occurring at the time of the commission of the offense is admissible to show predisposition. *Wharton v. State*, (filed 11–25–80) Ind.App., No. 2–280 A 49; *Price v. State*, (1979) Ind.App., 397 N.E.2d 1043. Circumstances which may be considered on the issue of predisposition include: the accused's possession of a large quantity of contraband; the ability to obtain a supply within a few minutes; knowledge of price on the criminal market and of the sources of supply; familiarity with drug terminology; possession of apparatus for manufacture; the manner of the sale itself; and the accused's readiness to participate; several different schemes to accomplish a sale; multiple sales to the officer; and solicitation, assurances, or other conduct evidencing a willingness or desire to participate in future sales. *See Stewart v. State*, (1979) Ind., 390 N.E.2d 1018; *Cyrus v. State*, (1978) Ind., 381 N.E.2d 472; *Hutcherson v. State*, (1978) Ind., 380 N.E.2d 1219; *Silva v. State*, (1980) Ind.App., 410 N.E.2d 1342; *Price v. State*, (1980) Ind.App., 397 N.E.2d 1043; *Payne v. State*, (1976) 168 Ind.App. 394, 343 N.E.2d 325 (concurring opinion).

 The record shows that on May 5, 1979 Steven Neal of the Marion County Sheriff's Department was introduced to Sowers at a private residence in Marion County. The two men talked for a few minutes in the living room. Neal made it clear to Sowers that he was there to purchase LSD. Neal, however, did not ask Sowers to sell him the drug. Sowers took Neal to a back bedroom where he handed Neal a small plastic packet. Sowers stated there were fifty "hits" or purple microdots (LSD) in the packet and he would sell them for $90.00. After Neal purchased the packet, he asked if he could return at a later date to purchase more LSD. Arrangements were made for Neal to return for this purpose.

We find this evidence sufficient for a reasonable fact finder to conclude Sowers was predisposed to commit the offense of May 5, 1979. It is evidence of his ability to obtain an immediate supply, his knowledge of the price, familiarity with drug terminology, and his general willingness to participate not only in that particular sale but also in future sales.

The record further reveals that when Neal returned on May 6 Sowers stated he did not have any LSD. Lying on a table next to the bed were approximately 100 tablets of methaqualone (commonly known as quaaludes). Sowers offered to sell these instead of LSD. Again, after Neal made his purchase, arrangements were made for a future sale of LSD.

When Neal returned on May 9, Sowers did not have LSD or methaqualone. He tried to interest Neal in purchasing the drug talwin. Neal did not purchase this drug but made arrangements to return for LSD.

On May 12 Neal purchased LSD from Sowers and made arrangements to return for more. On May 13 Sowers again did not have LSD but offered to sell Neal hashish. Neal was not interested but, when Sowers said he could not "get other drugs in" until he sold the hashish, Neal purchased a few grams.

Neal met with Sowers again on May 15 and stated he wanted to purchase 2000 tablets of LSD. Sowers had Neal take him to a local restaurant where Sowers made arrangements with his supplier (the codefendant) to deliver the tablets the following day. Shortly after midnight on May 17, Neal went to the residence to complete the transaction. The codefendant had not arrived so Neal left to purchase some beer. When Neal returned, the codefendant produced a "baggie" full of tablets. Neal asked them to count the tablets while he went outside to his car to get the money. When Neal left, he gave a prearranged signal and the search warrant issued earlier was executed interrupting the contemplated sale.

We certainly find this evidence, coupled with the evidence of the May 5 sale, sufficient to support the finding Sowers was predisposed to commit the offenses charged.

Judgment affirmed.

BUCHANAN, C. J., and SULLIVAN, J., concur.