**Cleo LOVE, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 20S00–8601–CR–75.

Supreme Court of Indiana.

May 19, 1987.

Susan K. Carpenter, Public Defender, M.E. Tuke, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in convictions for Dealing in Cocaine and Conspiracy to Deal in Cocaine, both Class B felonies. Appellant received sentences of twenty (20) years on each count, to be served concurrently.

The facts are: On the afternoon of April 10, 1984, Officer John T. Faigh, of the Elkhart City Police Department's Special Operations Division, entered appellant's variety store located at 740 South Main Street in Elkhart, Indiana. Prior to that time, Faigh had observed both a known prostitute and a known drug dealer entering appellant's store. Faigh had further observed that an unusually large number of persons had been entering and exiting the store.

Faigh entered the store and, after first stating he was interested in purchasing a stereo, asked Sheila Johnson, who was working in the store, if he could obtain "anything for the nose". (This is a street term indicating a desire to purchase cocaine.) Johnson walked to the back of the store, behind a partition, and then returned to the front of the store. After Faigh again inquired as to whether or not she could help him, Johnson and Marsha Ray Shaw walked to the back of the store behind the partition. Minutes later they returned carrying appellant, a quadriplegic, to the front of the store. (Here it should be noted that appellant was involved in a motor vehicle accident in 1971, which rendered him a quadriplegic with partial use of his arms. He operated the variety store with the aid of Johnson and Shaw.)

When the women brought appellant to the front of the store, Faigh told him he was looking for some "lady". ("Lady" is a street term for cocaine.) After first asking Faigh how he knew to come there, appellant asked him how much he wanted. Faigh asked for one gram "if the price was right". Appellant quoted the price of $100. Appellant and the women then returned to the back of the store. Shortly thereafter they asked Faigh to join them, at which time Faigh gave Johnson $100 and Johnson gave him a packet. Johnson then placed the $100 in a pouch which appellant wore around his neck. Appellant stated that if Faigh wanted more cocaine he should come to see him and they would work something out. Faigh was given appellant's telephone number and left.

At approximately 8:15 p.m., Faigh telephoned appellant and asked if he could purchase two "g's". (The street term for grams is "g's".) Faigh then went to appellant's residence to purchase more cocaine. Henry Love, appellant's brother, opened the door but was hesitant about allowing Faigh to enter. Johnson told Henry that everything was okay and Faigh was allowed to enter. After Faigh and appellant conversed about another purchase, appellant asked Johnson to come to him. Johnson then reached into the area around appellant and gave Faigh four packets of what Johnson told him was cocaine. Appellant, after stating that the substance was "real good stuff", told Faigh to telephone him anytime he wanted more. Faigh gave $200 to Johnson for the two grams. Johnson placed the money in the pouch appellant wore around his neck.

On April 13, 1984, at approximately 5:14 p.m., Faigh again telephoned appellant, then went to his store to purchase three grams of cocaine. Johnson unlocked the store's front door and Faigh spoke with appellant about his request to obtain a quarter-ounce of cocaine. Appellant then stated he had been unable to obtain it from "his man" but that he would check with another source and that the cocaine he would obtain would be "the best". After some discussion, Faigh was able to purchase what was represented as three

grams of cocaine. Faigh gave Johnson $300 and Johnson gave Faigh seven packets. (Because of the large quantity of the purchase, Faigh was given a quarter-ounce of cocaine free, thus the transaction of seven packets for $300.) These packets were first field tested and then tested in a laboratory and were shown to be cocaine.

At appellant's trial, Shaw testified that she and Johnson had both wrapped appellant's cocaine for him and that appellant told her how much to put in each packet. In addition to corroborating the sales to Faigh, Shaw testified that approximately ten persons entered appellant's store each day to purchase cocaine from appellant and Johnson. Shaw testified that appellant was the individual who kept the money and the cocaine.

Johnson testified that she was present on the evening of April 10, 1984, and that appellant himself set the price for that sale. Johnson also testified that she had packaged the cocaine at appellant's direction. She further testified that prior to that time she had observed Faigh "snorting" cocaine in order to test it.

Appellant claims there was insufficient evidence produced by the State to rebut the defense of entrapment. To support this argument, appellant claims that: 1) each of the transactions was initiated by an operative of the State; 2) there was no evidence introduced by the State that appellant "maintained sophisticated equipment for the provision of drugs"; 3) there was no evidence introduced by the State that appellant maintained, or had the ability to obtain, a large quantity of drugs for sale; and 4) the State failed to produce evidence that appellant "was eager to engage in the sale of cocaine".

When considering the evidence provided to rebut a defense of entrapment, this Court applies the same standard which is applied to other sufficiency of evidence claims. We will not reweigh the evidence nor judge the credibility of witnesses. *Gossmeyer v. State* (1985), Ind., 482 N.E.2d 239. When entrapment is raised, the State must prove that the criminal conduct of the accused was not the product of the efforts of the law enforcement agent or that the accused was predisposed to engage in such conduct in any event. *Everroad v. State* (1982), Ind., 442 N.E.2d 994.

In the case at bar, Officer Faigh did nothing more than approach appellant in his place of business and ask him for some "lady", a street term which appellant apparently recognized as a request for cocaine. Faigh was not only able to make a purchase with such a simple request, but was able to make subsequent purchases as easily. The testimony of appellant's accomplices clearly indicated his propensity to commit the crime. Entrapment does not occur when a defendant is merely afforded the opportunity to commit a crime. *Drollinger v. State* (1980), 274 Ind. 99, 409 N.E.2d 1084.

The above evidence was clearly sufficient to establish that appellant did in fact have the propensity to commit the crime. *See Sowers v. State* (1981), Ind.App., 416 N.E.2d 466.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.