**S. Kirk BAIRD, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 2–582A136.

Court of Appeals of Indiana, Second District.

Oct. 21, 1982.

Rehearing Denied Dec. 15, 1982.

Edward New, Noblesville, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

S. Kirk Baird (Baird) appeals his conviction under I.C. 7.1–5–7–8 (Burns Code Ed., Supp.1982) of furnishing an alcoholic beverage to a minor. Baird raises two issues on appeal:

1) whether there was sufficient evidence to rebut the defense of entrapment, and

2) whether Baird was denied a fair trial.

We affirm.

## I

The appellate standard of review of sufficiency of the evidence in criminal cases is well established. This court will not reweigh the evidence nor judge the credibility of the witnesses, but will consider only the evidence most favorable to the state and all reasonable inferences which may be drawn therefrom. If we find substantial evidence of probative value from which a reasonable trier of fact could conclude guilt beyond a reasonable doubt, then we must affirm. *Bray v. State,* (1982) Ind., 430 N.E.2d 1162.

Viewed most favorably to the state, the evidence shows Baird, a clerk in a Noblesville package liquor store, sold a six-pack of beer to a nineteen-year-old youth. Operating in cooperation with a Noblesville police undercover operation, the underage youth entered the Mr. G's liquor store without identification for the purpose of purchasing alcoholic beverages. The police made no efforts to alter the youth's appearance. Prior to his entering the store, police officers had removed the youth's identification and instructed him that if his age were questioned or if he were asked to produce identification, he was to simply explain that he had no identification with him and to leave the store. However, Baird neither questioned the youth's age nor requested identification before selling him the beer.

Since 1977 the defense of entrapment has been governed by I.C. 35–41–3–9 (Burns Code Ed., Repl. 1979) which provides:

"(a) It is a defense that: (1) The prohibited conduct of the person was the product of a law-enforcement officer, or his agent, using persuasion or other means likely to cause the person to engage in the conduct; and (2) The person was not predisposed to commit the offense.

(b) Conduct merely affording a person an opportunity to commit the offense does not constitute entrapment."

Before the enactment of I.C. 35–41–3–9, the Indiana Supreme Court expressly adopted the approach to entrapment formu-

lated by the majority of the United States Supreme Court in *Sorrells v. United States,* (1932) 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413, and reaffirmed in *Sherman v. United States,* (1958) 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848. *Hardin v. State,* (1976) 265 Ind. 635, 358 N.E.2d 134. Although commentators differ in their interpretation of the *Sorrells* majority approach,[1] the key to the majority stance, which has been termed the subjective approach, is a focus on the propensities of the particular defendant to commit the offense. The subjective approach has been described as

"predicated on an unexpressed intent of Congress to exclude from its criminal statutes the prosecution and conviction of persons, 'otherwise innocent', who have been lured to the commission of the prohibited act through the Government's instigation. The key phrase in this formulation is 'otherwise innocent' for the entrapment defense is available under this approach only to those who would not have committed the crime but for the Government's inducements. Thus, the subjective approach focuses on the conduct and propensities of the particular defendant in each individual case."

*Whitham v. State,* (1977) 173 Ind.App. 63, 66, 362 N.E.2d 486, 488 (quoting *United States v. Russell,* (1973) 411 U.S. 423 at 440–441, 93 S.Ct. 1637, 1647, 36 L.Ed.2d 366) (Stewart, J. dissenting)). In a purely subjective approach, law enforcement conduct is irrelevant other than as an operative fact.

In contrast, the objective approach embraced by the *Sorrells* minority focuses on "whether the police conduct revealed in this particular case falls below standards, to which common feelings respond, for the proper use of governmental power." *Sherman,* 356 U.S. at 380, 78 S.Ct. at 824. In a purely objective analysis of entrapment,

there is no room for a determination of the defendant's predisposition.

Prior to the codification of entrapment, when a proper entrapment defense was raised, our review, following the subjective approach, focused upon the propensities or predisposition of the accused to commit the crime once law enforcement involvement was shown rather than the nature and extent of the police officer or his agent's participation in the crime. *Whitham,* 173 Ind.App. at 67, 362 N.E.2d at 489.

However, the enactment of I.C. 35–41–3–9 in 1977 necessarily alters our consideration of entrapment. The first element of the defense, that the conduct of the accused is a result of persuasive efforts of law enforcement,[2] necessitates an objective examination of law enforcement conduct while the second element, that the accused was not predisposed to commit the offense, requires a subjective determination of the defendant's predisposition to commit the crime.

Thus, the statutory comments, quoted in their draft form in *Hardin,* 265 Ind. at 689, 358 N.E.2d at 136, which state that "the phrase 'a person not predisposed to commit the offense' was added to that section to insure that Indiana would follow the subjective approach to the defense" must be limited in their application to the second element of the defense because, in addition to this subjective approach, the first element of our statute contains an objective factor.

When the source of our statute is examined, the dual nature of I.C. 35–41–3–9 is apparent. With the exception of the predisposition language, the statute was substantially adopted from Section 702 of the proposed Federal Criminal Code. Criminal

---

1. *Compare, e.g.* Thompson's Comments to I.C. 35–41–3–9 (West Code Ed.1978), commentary at 278, which appear to interpret the majority holding in *Sorrells* as setting forth a test totally dependent on the defendant's predisposition, *with* National Commission on Reform of Federal Criminal Laws, Working Papers, vol. 1 at 306 (1970) which characterize the majority opinion as setting forth a test containing the

"twin elements of inducement and predisposition."

2. The necessity of considering law enforcement conduct and its effects is supported by part (b) of the statute which requires a certain level of police activity before the entrapment issue is raised.

Law Study Commission Comments to I.C. 35–41–3–9 (West Code Ed. 1978), commentary at 286. Examination of the study draft and comments reveals that the drafters intended in the proposed federal code to require a purely objective approach to entrapment.[3] Therefore, by adding a second element concerning the defendant's predisposition, the Indiana legislature could not have intended to transform what was a totally objective approach into a totally subjective one.[4]

The state readily admits the record is devoid of evidence Baird was predisposed to commit the offense of selling liquor to a minor. Therefore, Baird argues that the state failed to meet its burden of "disproving" beyond a reasonable doubt his entrapment defense. We cannot accept Baird's argument.

 Contrary to pre-code case law, *e.g.,* *Hardin,* 265 Ind. at 639, 358 N.E.2d at 136, we hold that under the now codified entrapment defense, law enforcement involvement in the prohibited conduct is not sufficient in itself to constitute the first element of the entrapment defense. Rather, there must be conduct by law enforcement which persuasively affects the otherwise free will of the defendant. I.C. 35–41–3–9(a)(1).

 We find sufficient evidence in the record from which a reasonable fact finder could conclude that the conduct of Baird in selling the beer to the youth was not the product of persuasion by a law enforcement officer or his agent. The police made no

efforts to alter the youth's appearance and he was instructed to simply leave the store if he were asked for identification. However, he was not. He merely entered the store, selected a six-pack of beer and made his purchase from Baird. A reasonable fact finder could find Baird was not persuaded or induced to make the sale. Mere presentment by a police officer or agent of the opportunity to commit an offense does not constitute entrapment. *Stewart v. State,* (1979) Ind., 390 N.E.2d 1018, 1021; *Williams v. State,* (1978) Ind.App., 383 N.E.2d 444, 446.

 Further, we note that the trial court in this case was in fact compelled to find there was no entrapment because Baird did not, as the statute requires, meet his burden of going forward with at least "some evidence showing his conduct was induced by a public officer or employee and that the inducement was of such nature that normal law abiding citizens would have been persuaded to commit the offense." Criminal Law Study Commission Comments to I.C. 35–41–3–9 (West Code Ed. 1978), commentary at 286. *Compare Townsend v. State,* (1981) Ind.App., 418 N.E.2d 554, 558, *cert. denied,* —— U.S. ——, 102 S.Ct. 1619, 71 L.Ed.2d 853 (1982) *with Harrington v. State,* (1980) Ind.App., 413 N.E.2d 622, 625 (pre-code decision).

## II

 Baird also contends he was denied a fair trial because the trial judge "ignored

---

**3.** Proposed Section 702 provided:
"(1) Affirmative Defense. It is an affirmative defense that the defendant was entrapped into committing the offense.
(2) Entrapment defined. Entrapment occurs when a law enforcement agent induces the commission of an offense, using persuasion or other means likely to cause normally law-abiding persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment."
National Commission on Reform of Federal Criminal Laws, Study Draft, Section 702 at 51–52 (1970). The comments stated that:
"[S]ubsection (2) makes it sufficiently clear that the test is an objective one which is concerned with the actions of the govern-

ment, not the criminal propensities of a particular defendant."
National Commission on Reform of Federal Criminal Laws, Working Papers, vol. 1 at 305 (1970).

**4.** We have decided many of the recent cases which have come before us by merely focusing on the subjective element of the defendant's predisposition, *i.e.,* I.C. 35–41–3–9(a)(2). *E.g., Sowers v. State,* (1981) Ind.App., 416 N.E.2d 466. However, we could do so only because the presence of the first element was assumed and we were not faced with the argument that predisposition evidence was erroneously admitted over the defendant's objection that entrapment was *not* an issue.

Indiana law and procedure," apparently by rendering his decision within six days when he had indicated his intention to take the case under advisement for ten or fifteen days and to allow either side to submit briefs if it wished. In addition to his failure to cite legal authority, Baird has failed to present a discernible and cogent argument demonstrating how he was harmed by this alleged error. Ind.Rules of Procedure, Appellate Rule 8.3(A)(7); *McManus v. State,* (1982) Ind., 433 N.E.2d 775; *Abrams v. State,* (1980) Ind., 403 N.E.2d 345; *Guardiola v. State,* (1978) 268 Ind. 404, 375 N.E.2d 1105. We therefore find Baird waived the error alleged in his second issue. Our finding is supported by the showing in the record that the trial court, in its ruling on Baird's motion to correct errors, repeated its invitation to Baird to submit a brief and offered to reconsider its ruling upon receipt. Having declined this opportunity, Baird cannot claim he was prejudiced by the lack of a post trial brief.

Judgment affirmed.

BUCHANAN, C. J., and SULLIVAN, J., concur.