Clarence WHALEN, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 1-582A115.

Court of Appeals of Indiana,
First District.

Nov. 18, 1982.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Stephan E. Wolter, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Presiding Judge.

## STATEMENT OF THE CASE

Clarence Whalen appeals from his conviction by jury trial of delivery of a controlled substance (LSD), a Class B felony,[1] and his sentence to a term of ten (10) years.[2] We affirm.

---

1. Ind.Code § 35–48–4–2 makes dealing in a schedule I, II, or III controlled substance, other than marijuana or hashish, a class B felony. LSD is a schedule I controlled substance. Ind. Code § 35–48–2–4(d)(12).

2. The presumptive sentence for a class B felony is ten (10) years, to which a fine of not more than $10,000 may be added. Ind.Code § 35–50–2–5.

## FACTS

On September 4, 1979, William Peevler, an undercover officer of the Indiana State Police, and Roy Estep, a confidential informant, went to the Crane Cigar Store in Crawfordsville, where Estep thought they could buy drugs. While Peevler and Estep were playing pool, they were approached by Whalen who knew Estep. Estep asked Whalen if he had any "pot" and Whalen responded negatively. In the course of a general conversation concerning drugs among the three, Peevler asked Whalen if he knew where there were any good "downs." [3] Whalen produced a plastic container containing pink capsules and gave four capsules to Peevler telling him they were good "downs." [4] No payment was requested or made for the capsules. Peevler then asked Whalen if he had seen any "star acid" going around. "Star acid" referred to a particular type of lysergic acid diethylamide (LSD) bearing a star pattern. Whalen produced two "hits" or doses of such LSD. Peevler told Whalen he would pay three dollars for one. Whalen tore off one "hit" and gave it to Peevler who, in turn, paid Whalen three dollars. Peevler told Whalen he was interested in a large quantity of drugs. Whalen responded that he had a sister in Veedersburg and could get all the acid he wanted there, and, if not, he had a large acid dealer in Alamo to whom he could take Peevler. Whalen was then told that Peevler and Estep would contact him later about purchasing more drugs, but, in fact, no further contacts were made. State police laboratory tests confirmed the material purchased was LSD, and Peevler positively identified Whalen as the person from whom he bought it.

## ISSUES

Whalen raises the following issues for our determination:

1. Whether the State failed to prove beyond a reasonable doubt that Whalen was predisposed to commit the crime.

2. Whether the court erred in refusing to give Defendant's tendered final instruction number 4.

3. Whether the court erred in denying Defendant's Motion to Suppress without holding a hearing.

## DISCUSSION AND DECISION

*Issue One*

By this issue, Whalen is asserting the defense of entrapment. That defense has been codified by Indiana Code Section 35–41–3–9 as follows:

"(a) It is a defense that:

(1) the prohibited conduct of the person was the product of a law enforcement officer, or his agent, using persuasion or other means likely to cause the person to engage in the conduct; and

(2) the person was not predisposed to commit the offense.

(b) Conduct merely affording a person an opportunity to commit the offense does not constitute entrapment."

When the defense of entrapment is raised, the successful prosecution of the case is dependent upon the state's proving either (1) that the prohibited conduct of the defendant was not the product of the efforts of law enforcement officers or (2) that the defendant was predisposed to engage in such criminal activity. *Marts v. State,* (1982) Ind., 432 N.E.2d 18; *Williams v. State,* (1980) Ind., 409 N.E.2d 571. Although it recently has been held that the first test is to be measured by objective standards, *Baird v. State,* (1982), Ind.App., 440 N.E.2d 1143, it is firmly established that the question of predisposition is a determination of the subjective intent of the accused and is a question to be determined by the trier of fact. *Copeland v. State,* (1982) Ind.App., 430 N.E.2d 393; *Silva v. State,* (1980) Ind.App., 410 N.E.2d 1342, *trans. denied, Stewart v. State,* (1979) Ind., 390 N.E.2d 1018. It is further well settled law that police activity merely providing an

---

**3.** "Downs" is a drug jargon term referring to barbiturates. Record at 150.

**4.** The pink capsules turned out to be antihistamines which were not controlled substances.

opportunity to commit the crime does not constitute entrapment. Ind.Code § 35–41–3–9; *Williams; Silva.*

█ Here, Whalen challenges the sufficiency of the evidence to prove predisposition on his part to engage in the illegal delivery of a controlled substance. On appeal, we review this issue the same as any other sufficiency question. *Williams; Whitham v. State,* (1977) 173 Ind.App. 63, 362 N.E.2d 486. We will look only to the evidence most favorable to the State and reasonable inferences therefrom, and if there is evidence of probative value to support the verdict it will not be disturbed. *Williams; Stewart.*

█ Here, Whalen, in response to a simple inquiry as to whether he had seen any of the "star acid" that was going around, immediately produced some and sold it to Peevler, a stranger. Such conduct has been held to constitute evidence of predisposition. *Grogg v. State,* (1981) Ind.App., 417 N.E.2d 1175. In addition, Whalen was familiar with drug terminology, expressed knowledge of the location of and ability to obtain large quantities of the drug, readily participated in the sale of LSD to Peevler, and appeared willing to participate in future sales. Such matters are indicia of predisposition which may be considered on that issue. *Sowers v. State,* (1981) Ind.App., 416 N.E.2d 466.

Whalen relies heavily upon *Voirol v. State,* (1980) Ind.App., 412 N.E.2d 861, *trans. denied,* in support of his argument the evidence was insufficient to establish predisposition. *Voirol* is clearly distinguishable. There, the defendant finally acceded to the police officer's request to buy drugs after continual importunings over a period of a week or ten days. Here, Whalen, in his first encounter with Peevler, who inquired only if Whalen had seen any "star acid," readily produced some and eagerly engaged in the prohibited transaction. The case of *Gray v. State,* (1967) 249 Ind. 629, 231 N.E.2d 793, relied upon by Whalen is likewise unsupportive of his position. In *Gray,* the court found that there was a plan devised by law enforcement officers, actively participated in by them, to lure the defendant into selling heroin. The court in *Gray* said there was nothing in the evidence to rebut the fact that the illegal transaction was induced solely by the plan of the law enforcement officers. The court, in *Gray,* said the evidence was very meager. Unlike *Gray,* the evidence here clearly was sufficient to support a finding of predisposition on the part of Whalen.

*Issue Two*

█ Whalen's tendered instruction number 4 stated: "In making the decision of whether there was predisposition you may only consider evidence existing prior to the transaction." Record at 58. This instruction clearly misstates the law. Evidence of events occurring at the time of or after the officer's first contact with the defendant or at the time of the commission of the offense, is admissible to show predisposition. *Sowers; Whorton v. State,* (1980) Ind.App., 412 N.E.2d 1219; *Beach v. State,* (1980) Ind.App., 411 N.E.2d 363, *trans. denied.* In fact, evidence of events at the time of sale alone is sufficient to establish predisposition. *Silva.* Since Whalen's tendered instruction number 4 incorrectly stated the law, the trial court did not err in refusing it. *Battle v. State,* (1981) Ind., 415 N.E.2d 39; *Whitacre v. State,* (1980) Ind., 412 N.E.2d 1202.

*Issue Three*

Whalen filed a motion to suppress evidence of any controlled substance alleged to have been received by him because such was obtained by means of entrapment. The trial court denied the motion without any hearing, and Whalen claims this was error. We disagree.

█ First, Whalen cannot predicate any error on the ruling on his motion to suppress because he did not object when the substance was offered into evidence. *Grimm v. State,* (1978) 268 Ind. 145, 374 N.E.2d 501; *McGary v. State,* (1981) Ind. App., 421 N.E.2d 747. Thus, any error has been waived.

■ Even if Whalen had preserved the question of the denial of his motion to suppress, he cannot prevail on this issue. Whalen's motion, in effect, sought a predetermination of the issue of predisposition. Predisposition is a question for the jury. *Copeland; Silva; Stewart.* This issue is to be determined by the trier of fact from a consideration of all the evidence. A motion to suppress is not an appropriate vehicle for the determination of this issue. *Locklayer v. State,* (1974) 162 Ind.App. 64, 317 N.E.2d 868. Therefore, the court committed no error in denying the motion to suppress without holding a hearing.

Judgment affirmed.

NEAL and ROBERTSON, JJ., concur.