**S. Kirk BAIRD, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 383S90.

Supreme Court of Indiana.

March 18, 1983.

Edward New, Noblesville, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

ON PETITION TO TRANSFER

HUNTER, Justice.

This case is before this Court upon the petition to transfer of defendant-appellant,

S. Kirk Baird. The Court of Appeals, Second District, affirmed defendant's conviction of furnishing an alcoholic beverage to a minor over defendant's arguments that the state did not present sufficient evidence to rebut his defense of entrapment. *Baird v. State,* (1982) Ind.App., 440 N.E.2d 1143. We agree with defendant that there was insufficient evidence in this case to overcome the defense of entrapment. Defendant's petition to transfer is granted and the decision and opinion of the Court of Appeals are hereby vacated.

The facts from the record show that on the night of March 10, 1981, Noblesville police officers took a young man, Cornelius Sullivan, who was then nineteen years of age, to Mr. G's liquor store where defendant worked as a clerk. The police gave Sullivan some money and told him to go into the store and buy an alcoholic beverage. He was instructed that if his age were questioned, he was to explain that he had no identification and then leave the store. Sullivan went into the store and purchased a six-pack of beer from defendant. The police did nothing to alter Sullivan's appearance, but there was testimony that he appeared older than nineteen.

Defendant testified that the store's policy with regard to minors was to demand proof of age if the customer was a stranger, appeared to be nervous, and appeared to be under twenty-five years of age. He further testified that he did not remember selling the beer to Sullivan on the night in question, but that since he always adhered to the store's policy, Sullivan must have appeared to be over twenty-five years of age at the time of the sale. The police testified that they had no complaints that defendant had been selling alcoholic beverages to minors and no evidence of any predisposition of defendant to commit this crime. Defendant had no prior criminal record.

The trial court found that under the statutes dealing with prohibiting the sale of alcoholic beverages to minors, Ind.Code § 7.1–5–7–1 to § 7.1–5–7–14 (Burns 1978 Repl.), the only defense for defendant was proof that he had demanded and been shown evidence of the proper age of the one making the purchase. Since there was no evidence to that effect in the instant case, the court found that defendant was guilty as charged and fined him $150 and costs.

The Court of Appeals, in affirming the trial court's judgment, considered the defense of entrapment under both our statute and case law. They found that our defense of entrapment statute, Ind.Code § 35–41–3–9 (Burns 1979 Repl.), contains two elements, one dealing with the involvement of the police or their agents and the other dealing with the predisposition of the accused person to commit the offense. They then found that the second element of predisposition did not have to be considered if the involvement of the police did not rise to the level of persuasively affecting the otherwise free will of the defendant. *Baird v. State, supra,* at 1146.

■ Our cases do not support this interpretation of the statute. We stated in *Hardin v. State,* (1976) 265 Ind. 635, 639, 358 N.E.2d 134, 136:

"When the question of entrapment is raised, the court must make a two-part inquiry: (1) did police officers or their informants initiate and actively participate in the criminal activity; and (2) is there evidence that the accused was predisposed to commit the crime so that the proscribed activity was not solely the idea of the police officials? If the evidence shows police activity absent any showing of predisposition on the part of the accused, entrapment as a matter of law has been established." [Citation omitted.]

Our subsequent cases have consistently adhered to this position even after the enactment of the entrapment code section in 1977 with its two distinct elements.[1] In

1. "*35–41–3–9. Entrapment.*—(a) It is a defense that:
  "(1) The prohibited conduct of the person was the product of a law-enforcement officer, or his agent, using persuasion or other means likely to cause the person to engage in the conduct; and

viewing the entrapment defense, it is still necessary to focus on the accused's predisposition to commit the crime as well as on the extent of government participation. Entrapment exists when the defendant has been induced or hired by a governmental agency to commit a crime he had no predisposition to commit. *Bennett v. State,* (1981) Ind., 423 N.E.2d 588; *Drollinger v. State,* (1980) Ind., 409 N.E.2d 1084; *Williams v. State,* (1980) Ind., 409 N.E.2d 571; *Stewart v. State,* (1979) Ind., 390 N.E.2d 1018; *Hutcherson v. State,* (1978) 269 Ind. 331, 380 N.E.2d 1219.

■ It is clear that in order to rebut the defense of entrapment the state must show two things; i.e., first, that the level of police activity was not such that it would persuasively affect the free will of the accused, and second, that the accused was predisposed to commit the offense. Part (b) of the statute is explanatory of the level of police activity that would be necessary to support the entrapment defense but this section does not negate the requirement of the necessary predisposition on the part of the accused. We have consistently held that *if* the accused had the predisposition to commit the crime and the police merely afforded him an opportunity to do so, then the defense of entrapment is not available. *Bennett v. State, supra,* and cases cited therein.

■ In the instant case, the defense of entrapment was clearly available and properly pleaded by defendant. The state presented absolutely no evidence of defendant's predisposition to commit the crime. The proscribed activity in this case was entirely initiated by the police, and their agent, Sullivan, was recruited specifically for the purpose of purchasing an alcoholic beverage from defendant. From all of these facts, it is apparent that the state failed to rebut defendant's defense of entrapment.

For all of the above reasons, transfer is granted, and the decision and opinion of the Court of Appeals are hereby vacated. The judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to enter a judgment of not guilty.

GIVAN, C.J., and DeBRULER and PRENTICE, JJ., concur.

PIVARNIK, J., dissents.

---

"(2) The person was not predisposed to commit the offense.

"(b) Conduct merely affording a person an opportunity to commit the offense does not constitute entrapment."