PEOPLE v REYNOLDS

Docket No. 71216. Submitted June 13, 1984, at Grand Rapids.—Decided October 23, 1984.

Defendants, Debbie Reynolds, Harold Becker and several others, were charged with the sale of alcoholic liquor to a minor. The sales involved were made to a 19-year-old employee of the Newaygo County Sheriff's Department who, under the supervision of sheriff's department officers, attempted to make purchases at several stores and succeeded at six stores, resulting in the charges brought herein. The district court found that defendants had been entrapped and dismissed the charges. The Newaygo Circuit Court, Terrence R. Thomas, J., affirmed the decision of the district court, and the prosecution's delayed application for leave to appeal was granted by the Court of Appeals. *Held:*

1. The standard of review of a trial court's decision regarding a claim of entrapment is that of clear error.

2. Under the objective test for entrapment, which focuses on the conduct of the government officers rather than on the defendant's propensity to commit the charged crime, the burden is on the defendant to show entrapment by a preponderance of the evidence.

3. No evidence was presented to show conduct by the police agents which could induce or instigate the commission of a crime by one not ready and willing to commit it. The mere use of undercover agents does not constitute entrapment.

4. The use of a 19-year-old to purchase the alcoholic liquor is not analogous to the government's supplying a scarce ingredi-

REFERENCES FOR POINTS IN HEADNOTES
[1] 30 Am Jur 2d, Evidence § 1160.
[1, 2, 6] 21 Am Jur 2d, Criminal Law § 202 *et seq.*
[2] 4 Am Jur 2d, Appeal and Error § 76.
  Formal requirements of judgment or order as regards appealability. 73 ALR2d 250.
[3, 5] 21 Am Jur 2d, Criminal Law § 206.
[4] 21 Am Jur 2d, Criminal Law § 208.

ent necessary to the commission of the crime or supplying contraband later possessed and sold by the defendants.

5. There is no requirement, in the context of a claim of entrapment, that the police, as a prerequisite to the use of undercover agents, have prior probable cause or a reasonable suspicion.

Reversed and remanded.

1. CRIMINAL LAW — ENTRAPMENT — BURDEN OF PROOF.

A claim of entrapment is to be resolved by the trial court at a separate evidentiary hearing; at that hearing the defendant has the burden of proving entrapment by a preponderance of the evidence.

2. CRIMINAL LAW — ENTRAPMENT — APPEAL.

The standard of appellate review of a trial court's decision regarding a claim of entrapment is that of "clear error".

3. CRIMINAL LAW — ENTRAPMENT — OBJECTIVE TEST.

The objective test for a claim of entrapment focuses on whether the conduct of the police at issue was such as to induce the commission of a crime by a person not ready and willing to commit it.

4. CRIMINAL LAW — ENTRAPMENT — ADMISSION OF CRIME.

A defendant need not admit the commission of a crime to assert a defense of entrapment; however, a claim of entrapment is essentially a claim that, even if culpable, the defendant should be insulated from prosecution because of the impropriety of the government's conduct.

5. CRIMINAL LAW — ENTRAPMENT — OBJECTIVE TEST.

The readiness or willingness of a defendant to commit a crime is irrelevant under the objective test for entrapment.

6. CRIMINAL LAW — ENTRAPMENT — PROBABLE CAUSE — UNDER-
COVER AGENTS.

The existence of probable cause or reasonable suspicion is not a prerequisite to the use of undercover agents in the context of a defendant's claim of entrapment.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *H. Kevin Drake,* Prosecuting Attorney, and *Michael A. Nickerson,* Assistant Attorney General, for the people.

*Paul B. Newman,* for defendants Reynolds, Becker, Hoppa, Speet and Scarlavi.

Before: R. B. BURNS, P.J., and D. E. HOLBROOK, JR., and G. R. DENEWETH,* JJ.

PER CURIAM. Defendants were charged with the sale of alcoholic liquor to a minor, MCL 436.33(1); MSA 18.1004(1) and MCL 436.44; MSA 18.1015. The district court found that defendants had been entrapped and dismissed the charges against them. The circuit court affirmed the decision of the district court, and this Court granted the prosecution's delayed application for leave to appeal.

In *People v D'Angelo,* 401 Mich 167; 257 NW2d 655 (1977), the Court held that a claim of entrapment should be resolved by the trial judge at a separate evidentiary hearing and that defendant bore the burden of proving entrapment by a preponderance of the evidence. The trial judge's decision is subject to appellate review under the "clearly erroneous" standard. 401 Mich 183. In *People v Turner,* 390 Mich 7; 210 NW2d 336 (1973), the Court, as a matter of state constitutional law, adopted the objective test of entrapment stated in the dissenting opinion of Justice Stewart in *United States v Russell,* 411 US 423; 93 S Ct 1637; 36 L Ed 2d 366 (1973). Justice Stewart explained the objective test, 411 US 445, as follows:

"[G]overnment agents may engage in conduct that is likely, when objectively considered, to afford a person ready and willing to commit the crime an opportunity to do so. * * *

"But when the agents' involvement in criminal activities goes beyond the mere offering of such an opportunity, and when their conduct is of a kind that could

---

* Circuit judge, sitting on the Court of Appeals by assignment.

induce or instigate the commission of a crime by one not ready and willing to commit it, then—regardless of the character or propensities of the particular person induced—I think entrapment has occurred. For in that situation, the Government has engaged in the impermissible manufacturing of crime, and the federal courts should bar the prosecution in order to preserve the institutional integrity of the system of federal criminal justice." (Citations omitted.)

See also *Turner, supra,* 390 Mich 21, and *D'Angelo, supra,* 401 Mich 172-173, fn 4.

Testimony at an evidentiary hearing in district court showed that the purchases of alcoholic liquor at issue were made by 19-year-old Stanley Bush, who was employed by the Newaygo County Sheriff's Department as a turnkey at the county jail. Acting under the supervision of sheriff's department officers, Bush attempted to make purchases at 22 stores and succeeded at six stores. In each instance of a successful purchase, Bush turned the alcoholic liquor over to his supervisors immediately upon leaving the store. Bush was apparently an exceptionally mature-looking 19-year-old; however, no attempt was made to disguise Bush's appearance and no false identification was presented. At least two of the defendants recognized Bush as an employee of the Newaygo County Sheriff's Department and one testified that she did not check Bush's identification because she assumed that he would have to be 21 years old to secure such employment.

Although in Michigan a defendant need not admit commission of the criminal act to assert a defense of entrapment, a claim of entrapment is essentially a claim by defendant that, even if culpable, he should be insulated from prosecution due to the impropriety of the government's conduct. *People v D'Angelo,* 401 Mich 178-182. An

essential element of the crime at issue here is either knowledge that the person to whom alcoholic liquor is furnished is less than 21 years of age or failure to make diligent inquiries as to whether the person is less than 21 years of age. Bush's mature appearance and the awareness of some of the defendants that Bush was employed by the sheriff's department are arguably relevant to the diligence of the inquiry by defendants as to Bush's age. However, Bush was presented to defendants exactly as he was, without any attempt at disguise. If Bush's appearance or employment led defendants to draw a false conclusion as to his age, the false conclusion resulted from defendants' misunderstanding of the objective facts, not from any inducement or instigation by police agents. Bush behaved exactly as would any 19-year-old attempting to purchase alcoholic liquor. Bush's appearance or employment do not support a conclusion that defendants were entrapped.

In *People v Alford,* 405 Mich 570, 590-591; 275 NW2d 484 (1979), the Court disposed of a claim of entrapment analogous to that made here as follows:

"The adoption of the objective standard does not automatically preclude the use of undercover agents, but only conduct so reprehensible that it cannot be condoned by the judicial system. * * *

"Defendant in this case failed to make a case of entrapment. Officer Kukalis did not attempt to create any special friendship with the doctor to facilitate a delivery of drugs. He did not cajole or induce the doctor to give him drugs. Officer Kukalis merely presented himself at the doctor's office and asked for drugs, which he received. The conduct of the police in this case certainly did not approach the extreme situation we viewed in *Turner.* The undercover police officer in *Turner* worked for three years to establish a friendship

with the defendant and then manufactured sad stories to obtain his sympathy.

"The factual situation presented in the instant case does not reveal actions of the police so reprehensible that they should be excluded from the judicial administration of criminal justice."

Here, as in *Alford,* defendants were merely afforded an opportunity to commit the crime; no evidence of conduct by police agents which could induce or instigate the commission of a crime by one not ready and willing to commit it is presented. The lower courts nevertheless found reprehensible police conduct here, because Bush himself violated the law by purchasing the alcoholic liquor in question, and because the police placed the burden on defendants to prevent Bush from violating the law. Similar findings could be made, however, in any case involving the purchase of contraband by undercover agents. *Alford* shows that such actions by the police and their agents do not constitute entrapment unless accompanied by actions which could induce or instigate the commission of the crime by one not ready and willing to commit it.

Defendants and the district court relied on the absence of any evidence that defendants were ready and willing to commit the crime. This argument would be meritorious in a jurisdiction which adopted the subjective test of entrapment and which placed the burden of proof on the prosecution to show that defendants were not entrapped. See *Baird v State,* 446 NE2d 342 (Ind, 1983). However, Michigan places the burden on defendants to prove entrapment by a preponderance of the evidence. *People v D'Angelo, supra,* 401 Mich 180-183. Moreover, under the objective test, the readiness or willingness of these particular defendants to commit the crime is irrelevant; the objec-

tive test instead focuses on the effect of the police conduct at issue on a hypothetical person not ready and willing to commit the crime. *People v Roy,* 80 Mich App 714, 718; 265 NW2d 20 (1978); *People v Duke,* 87 Mich App 618, 622; 274 NW2d 856 (1978); *People v Wisneske,* 96 Mich App 299, 303; 292 NW2d 196 (1980); *People v Hampton,* 111 Mich App 782, 785; 314 NW2d 753 (1981). The prosecution therefore did not have to produce evidence showing that defendants were ready and willing to commit the crime.

Defendants attempt to draw an analogy to cases in which the government supplies a scarce ingredient necessary to commit the crime or supplies the contraband later possessed or sold by the defendants. See *United States v Russell, supra,* 411 US 446-449 (Stewart, J., *dissenting*), *United States v Bueno,* 447 F2d 903 (CA 5, 1971), and *People v Stanley,* 68 Mich App 559; 243 NW2d 684 (1976). Here, defendants argue, the police supplied the minor to whom the sales were made. The analogy defendants attempt to draw is false. 19-year-olds are neither scarce nor contraband. Moreover, a 19-year-old is a person, not a mere instrumentality by which the crime was committed. If defendants' analogy were valid, entrapment would be presented in every case where contraband is purchased by an undercover agent. *Alford* shows that the objective test of entrapment does not require such a result.

Defendants and the lower courts also relied on the failure of the investigation to focus on any particular store and the absence before the purchases at issue of any reasonable suspicion or probable cause to believe that any of the stores involved were selling alcoholic liquor to minors. Other jurisdictions have rejected a requirement of probable cause or reasonable suspicion as a prereq-

uisite to use of undercover agents. *Kadis v United States,* 373 F2d 370, 373 (CA 1, 1967); *United States v Catanzaro,* 407 F2d 998, 1001 (CA 3, 1969); *United States v Swets,* 563 F2d 989, 991 (CA 10, 1977); *Hardin v State,* 265 Ind 635; 358 NE2d 134 (1976); *State v Burrow,* 514 SW2d 585, 589 (Mo, 1974). Requirements of focus, probable cause, or reasonable suspicion cannot logically be derived from the objective test of entrapment, because such requirements have nothing to do with whether the police conduct was of a kind that could induce or instigate the commission of the crime by a person not ready and willing to commit it.

On this record, the findings of entrapment by the district and circuit courts were clearly erroneous.

Reversed and remanded for further proceedings consistent with this opinion. We retain no jurisdiction.