**STATE of Indiana, Plaintiff–Appellant,**

v.

**Stanley JASINOWSKI,
Defendant–Appellee.**

**STATE of Indiana, Plaintiff–Appellant,**

v.

**Julia HILL, Defendant–Appellee.**

**Nos. 46A03–8805–CR–133,
46A04–8805–CR–150.**

Court of Appeals of Indiana,
Third District.

Sept. 12, 1988.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for plaintiff-appellant.

Thomas J. Markle, Fort Wayne, for defendant-appellee Julia Hill.

W.T. Robinette, Indianapolis, for defendant-appellee Stanley Jasinowski.

GARRARD, Presiding Judge.

Stanley Jasinowski was charged with furnishing an alcoholic beverage to a minor. *See* IC 7.1–5–7–8. He asserted an entrapment defense and was acquitted. The evidence showed that the underage purchaser made the purchase as a police informant, and the state acknowledges it introduced no evidence of any predisposition on the part of Jasinowski to commit the offense.

Substantially the same facts occurred in the case involving Julia Hill and she, too, was acquitted.

In both cases the state appeals upon a reserved question of law: whether entrapment should be available as a defense to a violation of IC 7.1–5–7–8 since the statute does not require a specific intent as an element of the offense.

*Baird v. State* (1983), Ind., 446 N.E.2d 342 (Pivarnik, J. dissenting without opinion) has already concluded that the defense is available, and that decision is, of course, binding on this court.

In an effort to avoid *Baird* the state argues that it concerned only the mechanics of the defense rather than its availability. However, an examination of the case reveals that while the opinion contains no discussion of the reasons why the defense was or might not be available in a prosecution under IC 7.1–5–7–8 the court necessarily decided the issue.

We say this because the trial court convicted Baird and the Court of Appeals affirmed. Thus, the subsequent reversal by the Supreme Court on grounds that the evidence failed to rebut the entrapment defense necessarily decided that the defense was available. Furthermore, the majority stated, "In the instant case, the defense of entrapment was clearly available and properly pleaded by defendant." 446 N.E.2d at 344.

Under these circumstances any reconsideration of whether the defense ought to be available in prosecutions under IC 7.1–5–7–8, together with the included question of whether IC 35–41–3–9 which codified the entrapment defense served to statutorily extend its common law application, is not an appropriate function for this court.

The state's appeal is therefore denied.

HOFFMAN and STATON, JJ., concur.